**STATE OF LOUISIANA**
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
LITIGATION DIVISION
LAFAYETTE

556 JEFFERSON ST., 4TH FLOOR
LAFAYETTE, LA 70501
TEL: (337) 262-1700
FAX: (337) 262-1707

LIZ MURRILL
ATTORNEY GENERAL

December 18, 2024

H. Lynn Jones
Calcasieu Parish Clerk of Court
P.O. Box 1030
Lake Charles, LA 70602

        Re:    *Libbie E. Williams vs. Louisiana Community*
               *and Technical College System*
               14th JDC Docket No; 2024-4723; Calcasieu Parish

Dear Mr. Jones:

        Enclosed please find Sedgwick's check number: 145091167, in the amount of $23.00, which represents payment of costs for you to provide our office with a copy of any and all documents filed into the record regarding the above referenced matter. A copy of your statement is enclosed for your convenience.

        Should you have any questions or need additional information, please do not hesitate to call.

        With kindest regards, I remain

                                Sincerely,

                                **LIZ MURRILL**
                                **ATTORNEY GENERAL**

                                BY: _____
                                MAYLAN M. CRUICKSHANK
                                Assistant Attorney General

MMC/ald
Enclosure(s)
cc:    Glenn Broussard – *via email only*

EXHIBIT 1

Calcasieu Parish Clerk of Court   C-2024-4723
Filed Nov 08, 2024 2:21 PM              H
Brittany McLaughlin
Deputy Clerk of Court

*COX, COX, FILO, CAMEL, WILSON & BROWN, LLC*
*723 BROAD STREET*
*LAKE CHARLES, LA 70601*
*TELEPHONE: (337) 436-6611*
*FACSIMILE: (337) 436-9541*

FRiday

DATE: 11-8-24

MATTER: Libbie Williams vs. LA. Comm. College

SUIT NUMBER _____

FILE WITH:

✓ DISTRICT COURT        ____ CITY COURT        ____ THIRD CIRCUIT

____ FEDERAL COURT        ____ OWC

____ HAVE JUDGE EXECUTE ORDER (JUDGE _____ )

✓ COST DEPOSIT:    $ 475.00 _____

2 SERVICE COPIES

____ RETURN ____ CERTIFIED COPIES

✓ RETURN 1 CONFORMED COPIES

____ RETURN ____ DATE-STAMPED COPIES

____ CHECK OUT SUIT RECORD

DATE FILED _____

DELIVER TO/PICK UP FROM: _____

_____

SPECIAL INSTRUCTIONS: _____

_____

____ *URGENT!!!! DETAILS: _____

REQUESTED BY: Jessica Miguez, paralegal to
                        Somer G. Brown

Calcasieu Parish Clerk of Court   C-2024-4723
Filed Nov 08, 2024 2:21 PM       H
Brittany McLaughlin
Deputy Clerk of Court

LAW OFFICES
**COX, COX, FILO, CAMEL, WILSON & BROWN, LLC**

THOMAS A. FILO
MICHAEL K. COX*
PAUL J. COX
KEVIN L. CAMEL
RICHARD E. WILSON
SOMER G. BROWN*

DERRICK D. KEE
ROY F. WYGANT*
JACKSON T. RITCHIE
TYLER S. RASBEARY

*Also admitted in Texas

723 BROAD STREET
LAKE CHARLES, LOUISIANA 70601
www.coxcoxfilo.com

JAMES J. COX   (Of Counsel)
WILLIAM N. COX (1928-2011)

TELEPHONE: (337) 436-6611
FACSIMILE: (337) 436-9541

November 8, 2024

*VIA HAND DELIVERY*

14th JDC Clerk of Court
Calcasieu Parish Clerk of Court
Lake Charles, LA 70601

RE:    Libbie E. Williams
         Vs.
         Louisiana Community and
         Technical College System

Dear Clerk:

Enclosed is plaintiff's original Petition for Damages. Please file the original into the Court's record and return a conformed copy to our office, via our office runner.

If you have any questions or need any additional information, please feel free to contact our office.

Sincerely yours,

Jessica Miguez, paralegal to
SOMER G. BROWN

jm
Enclosures

Calcasieu Parish Clerk of Court  C-2024-4723
Filed Nov 08, 2024 2:21 PM        H
Brittany McLaughlin
Deputy Clerk of Court

| | | |
|---|---|---|
| LIBBIE E. WILLIAMS | : | 14TH JUDICIAL DISTRICT COURT |
| VERSUS NO.:_____ | : | PARISH OF CALCASIEU |
| LOUISIANA COMMUNITY AND TECHNICAL COLLEGE SYSTEM | : | STATE OF LOUISIANA |
| FILED: _____ | : | _____ |
| | | DEPUTY CLERK |

## PETITION FOR DAMAGES

Plaintiff Libbie E. Williams (hereinafter "Plaintiff"), alleges the following against Defendant Louisiana Community and Technical College System, as the governing authority of Sowela Technical Community College (hereinafter "Defendant"):

### Parties

1.    Plaintiff Libbie E. Williams is a person of the full age of majority and a resident of Calcasieu Parish. Ms. Williams was employed by Defendant from 2018 until her constructive discharge in 2024.

2.    Defendant Louisiana Community and Technical College System is the state agency responsible for overseeing Sowela Technical Community College. Defendant is domiciled in East Baton Rouge Parish and has not designated an agent of service for process; therefore, pursuant to La. R.S. 5107(B), Defendant, as a state agency, may be served through the attorney general of Louisiana, 1885 North Third Street, Baton Rouge, LA 70802, and through Dr. Neil Aspinwall, Chancellor, 3850 Sen. J. Bennett Johnston Ave., Lake Charles, LA 70615.

### Jurisdiction and Venue

3.    This Court has jurisdiction over the persons and the subject matter of this suit and venue is proper in the 14th Judicial District Court pursuant to La. R.S. 23:303(A) because the alleged violations of law occurred in the Parish of Calcasieu.

### Procedural Background

4.    Plaintiff has satisfied all administrative and procedural prerequisites to filing suit under La. R.S. 23:303(C). Plaintiff received a Determination and Notice of Rights letter from the U.S. Equal Employment Opportunity Commission on October 18, 2024.

## **Factual Background**

5.     Plaintiff first interviewed with Defendant for the position of Coordinator of Financial Aid in June 2018, but was not hired for the position, which was filled by a white female.

6.     Plaintiff was hired by Defendant in August 2018 as an Enrollment Specialist.

7.     Plaintiff is an African American female, over the age of 40, with a college degree.

8.     During her entire tenure with Defendant, which spanned from 2018-2024, while she was never promoted, Plaintiff consistently received positive evaluations from her supervisors.

9.     In April 2019, Plaintiff applied for a promotion and interviewed for the position of Academic Advisor; the position was ultimately filled by two white females.

10.     Also in 2019, Plaintiff applied for another promotion with Defendant in the workforce department but never received any return communication.

11.     In 2021, one of Plaintiff's supervisors, Allison Dering, wrote a glowing recommendation of Plaintiff for Plaintiff's application to graduate school.

12.     Also in 2021, Plaintiff applied and interviewed for two different promotions – one as an academic advisor and one in development and marketing; those positions were by a white male and two white females.

13.     In November 2021, Plaintiff requested a meeting with Human Resources to discuss what she perceived to be discriminatory hiring practices and hostile work environment. During the meeting Plaintiff expressed concern that no persons of color were being promoted.

14.     In the timeframe from 2018-2021 that was the subject of the meeting with Human Resources, Plaintiff cited to 13 new hires, only one of whom was black and who resigned. During the same time period there were 26 promotions within the organization, none of whom were black.

15.     Following her meeting with Human Resources, Plaintiff was stripped of the privilege of attending off-campus recruiting events. Plaintiff was also removed from her position of Advisor to the Phi Theta Kappa Honor Society.

16.     In May of 2022, Plaintiff again applied and interviewed for a promotion to the position of Business Developer-Workforce, which was ultimately given to a white female. Shortly thereafter, an underqualified white female was put in the position of Director of Workforce Development.

17.    In June 2022, Plaintiff received another positive performance evaluation.

18.    In August 2022, Plaintiff applied and interviewed for another promotion to the position of Institutional Advancement Coordinator, which was ultimately given to a white female.

19.    Then, in September 2022, for the first time in 4-years, Plaintiff received a written reprimand referencing behavior that purportedly occurred as far back as August 2021 and spanning an alleged 7-complaints over a 13-month time period (which included the time period where she received positive feedback and evaluation from her supervisor).

20.    Plaintiff continued to perform her job duties at a high level and continued to receive positive evaluations from her supervisor, despite an increasingly hostile and oppressive work environment.

21.    Defendant placed increased stress and pressure on Plaintiff after her complaints to Human Resources.

22.    The stress and hostility in the workplace increased to the point that Plaintiff sought medical treatment and counseling.

23.    Plaintiff's counselor and medical doctor both took her off work to deal with her stress, though Defendant would not accept an off-work slip from Plaintiff's licensed professional counselor.

24.    Finally, on January 24, 2024, Plaintiff applied for a leave of absence under the Family Medical Leave Act ("FMLA") with medical documentation from her treating physician.

25.    The day after Plaintiff applied for medical leave, on January 25, 2024, while she awaited her leave being granted by Defendant, the Chancellor wrote a letter placing Plaintiff on administrative leave as discipline for reported "poor customer service with a student."

26.    Plaintiff remained off work with a doctor's note after her administrative leave, until she was called by her supervisor on January 31, 2024 and required to return to work until Defendant approved her leave under the FMLA.

27.    In May 2024, Plaintiff again applied and interviewed for a promotion to the position of Workforce Developer but was passed over for two white females.

28.    The workplace continued to grow increasingly hostile, including Plaintiff's supervisor watch her being verbally attacked by a student and failing to step in or assist Plaintiff.

29. Plaintiff continued to voice her concerns to Human Resources but received no assistance.

30. Finally, on September 6, 2024, Plaintiff could no longer physically or mentally withstand the hostility and work environment, so she resigned as an act of constructive discharge.

<u>**Claims for Relief**</u>

Incorporating fully herein the above factual recitation, Plaintiff asserts the following claims:

**Count 1 – Racial Discrimination and Failure to Promote**

31. Defendant's actions described above constitute intentional and unlawful discrimination under the Louisiana Employment Discrimination Law, La. R.S. 23:301, et seq.

32. Defendant has intentionally failed or refused to promote and has otherwise discriminated against Plaintiff on the basis of her race and color and has otherwise limited her employment opportunities and adversely affected her status as an employee, all in violation of La. R.S. 23:332(A).

33. Plaintiff is a member of a protected class in that she is of African-American descent and brown color.

34. Plaintiff was qualified for every position for which she applied and was not promoted. In many instances, the person hired over Plaintiff was Caucasian and/or white and was not as qualified as Plaintiff.

35. As a result of Defendant's intentional discrimination on the basis of race, Plaintiff has lost opportunities for advancement and increased pay and benefits; Plaintiff has also suffered from anxiety, mental anguish, and stress as a result of Defendant's discriminatory practices.

36. Plaintiff seeks to recover compensatory damages, as well as back pay, benefits, front pay, reasonable attorney's fees, and court costs pursuant to La. R.S. 23:303(A).

**Count 2 – Hostile Work Environment and Harassment**

37. Defendant's actions also created and constituted a hostile work environment such that Plaintiff's resignation constituted a constructive discharge.

38. In addition to being denied promotions, Plaintiff was also subjected to a harassing workplace on the basis of her race, which harassment was motivated by discriminatory animus.

39.     Plaintiff was also subjected to harassment by students in front of her superiors that was not confronted, while the same superiors would protect and assist white employees under the same circumstances.

40.     Despite complaints by Plaintiff about the various hostilities in the workplace, Defendant failed to take remedial action.

41.     The workplace grew increasingly hostile and caused Plaintiff to need psychiatric and medical treatment until such point that it was so hostile that no reasonable person would remain employed there, at which time Plaintiff was constructively discharged.

### Count 3 – Whistleblower Claim (Race)

42.     When Plaintiff complained of the discriminatory and harassing conduct, she was denied advancement opportunities and subjected to increased harassment in the workplace.

43.     These reprisals against Plaintiff following her complaints of discriminatory conduct constituted violations of the Louisiana Whistleblower statutes, La. R.S. 23:967.

### Count 4 – Retaliation (FMLA)

44.     Defendant also retaliated against Plaintiff when she exercised her rights under the Family Medical Leave Act.

45.     On the very same day that Plaintiff requested FMLA leave for her medical condition, Defendant manufactured discipline against her and placed on her administrative leave, for alleged actions that had occurred long before her request for leave and without affording her any due process.

46.     Defendant's actions were discriminatory and retaliatory and in direct response to her request for medical leave.

### Count 5 – Infliction of Emotional Distress

47.     Defendant was aware of Plaintiff's increasingly fragile mental state as a result of Defendant's continued discrimination and the hostility in the workplace.

48.     Despite actual knowledge of her propensities, Defendant continued to engage in extreme and outrageous conduct that caused severe emotional distress to Plaintiff.

49.    Defendant's actions exceeded the bounds of decency, including, among other acts, hiring a man who Defendant knew had abused Plaintiff and placing him in close proximity to her as she worked.

50.    Defendant knew that its actions would cause severe emotional distress and, even after Plaintiff complained, refused to cease such actions, causing Plaintiff severe emotional distress to the point that she was required to seek medical care and eventually forced to take medical leave from work, before ultimately being constructively discharged from her employment as a result of Defendant's actions.

### Damages

51.    In addition to her back pay and benefits, including increased pay and benefits that she would have received as a result of promotions she sought and was denied, as well as the difference in pay between the promoted job and her current job, Plaintiff also seeks compensatory damages, reasonable attorney's fees, and court costs

### Conclusion and Prayer for Relief

WHEREFORE, Plaintiff prays that Defendant be duly cited to appear and that after due proceedings hereon, there be judgment in her favor and against Defendant in all respects for compensatory damages, back pay and benefits, reasonable attorneys fees, court costs, and legal interest, as well as for all other relief to which she may be entitled both in law and equity.

Respectfully submitted,

**THE COX LAW FIRM**

**SOMER G. BROWN (31462)**
723 Broad Street
Lake Charles, Louisiana 70601
Phone: (337) 436-6611
Facsimile: (337) 436-9541

**PLEASE SERVE:**

Louisiana Community and Technical College System/Sowela Technical Community College
Through the Attorney General of Louisiana,
1885 North Third Street
Baton Rouge, LA 70802

and

Louisiana Community and Technical College System/Sowela Technical Community College
Through Dr. Neil Aspinwall, Chancellor
3850 Sen. J. Bennett Johnston Ave.
Lake Charles, LA 70615.

||||||||||||||||||
D2933059

LIBBIE E WILLIAMS
VS: C-2024-4723
LOUISIANA COMMUNITY AND
TECHNICAL COLLEGE SYSTEM

Citation for Petition



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   [D001] LOUISIANA COMMUNITY AND TECHNICAL COLLEGE
SYSTEM/SOWELA TECHNICAL COMMUNITY COLLEGE
THROUGH DR. NEIL ASPINWALL, CHANCELLOR
3850 SEN. J. BENNETT JOHNSTON AVE.
LAKE CHARLES, LA 70615

Parish of CALCASIEU

You are named as defendant in the above captioned matter. Attached to this citation is a:
PETITION FOR DAMAGES
You must either comply with the demand contained in the petition of BROWN, SOMER G or make an appearance either by filing an answer or pleading in the 14th Judicial District Court located at 1000 Ryan St., Lake Charles, LA within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.
Article 1001 of the Louisiana Code of Civil Procedure states:
   A.  A Defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
       If the plaintiff files and serves a Discovery Request with his Petition, the Defendant shall file his answer to the petition within **thirty (30) days** after service of citation and service of discovery request.
   B.  When an Exception is filed prior to Answer and is overruled, referred to the merits or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.
   C.  The Court may grant additional time for answering.
   Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:
   A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.
   THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.
Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, 12TH DAY OF NOVEMBER, 2024.
Requested By:
BROWN, SOMER G



Joni Pardue
Deputy Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF
_____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE
IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY
OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE
NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE

Suit: 1-C-2024-4723                          Cost:    43.40   T FROM HIS RESIDENCE AT THE TIME OF SAID
DR NEIL ASPINWALL , ET AL
3850 SEN J BENNETT JOHNSTON AVE
LC LA 70615                                                    _ THIS _____ DAY OF _____,
Person Served:  DR NEIL ASPINWALL , ET AL
Received:  11/12/2024    Served:    11/13/2024 10:10am
Deputy:  LAFARGUE    Miles: 20.00  Type:    PERSONAL

                                                            DEPUTY SHERIFF

RETURN  GARY "STITCH" GUILLORY
         SHERIFF

         NOV 1 2 2024

         CALCASIEU PARISH, L



D2933067

**LIBBIE E WILLIAMS**
**VS: C-2024-4723**
**LOUISIANA COMMUNITY AND**
**TECHNICAL COLLEGE SYSTEM**

Citation for Petition



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   **[D001] LOUISIANA COMMUNITY AND TECHNICAL COLLEGE**
**SYSTEM/SOWELA TECHNICAL COMMUNITY COLLEGE**
**THROUGH ATTORNEY GENERAL OF LOUISIANA**
**1885 NORTH THIRD ST.**
**BATON ROUGE, LA 70802**

Parish of EAST BATON ROUGE

You are named as defendant in the above captioned matter. Attached to this citation is a:
PETITION FOR DAMAGES
You must either comply with the demand contained in the petition of BROWN, SOMER G or make an appearance either by filing an answer or pleading in the 14th Judicial District Court located at 1000 Ryan St., Lake Charles, LA within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A.  A Defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
If the plaintiff files and serves a Discovery Request with his Petition, the Defendant shall file his answer to the petition within **thirty (30) days** after service of citation and service of discovery request.

B.  When an Exception is filed prior to Answer and is overruled, referred to the merits or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C.  The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, 12TH DAY OF NOVEMBER, 2024.

Requested By:
BROWN, SOMER G

*Joni Pardue*

Joni Pardue
Deputy Clerk of Court

---

RECEIVED ON THE _____ DAY OF _____, 20 _____ AND ON THE _____ DAY OF _____, 20 _____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE  $ _____ ~~I made service at the Louisiana State Office~~
MILEAGE  $ _____  BY: _____
TOTAL    $ _____ ~~in the parish of East Baton Rouge, State of~~  DEPUTY SHERIFF
Louisiana on: 11 AM

NOV 2 1 2024    **RETURN**

by handing said copy in person to:

DY. D. MCKNIGHT #7515
Deputy Sheriff, Parish of East Baton Rouge, LA

RECEIVED
DATE

NOV 2 0 2024

E.B.R. Sheriff's Offi



LIZ MURRILL
ATTORNEY GENERAL

**STATE OF LOUISIANA**
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
LITIGATION DIVISION
LAFAYETTE

556 JEFFERSON ST., 4TH FLOOR
LAFAYETTE, LA 70501
TEL: (337) 262-1700
FAX: (337) 262-1707

December 12, 2024

H. Lynn Jones
Calcasieu Parish Clerk of Court
P.O. Box 1030
Lake Charles, LA 70602

> Calcasieu Parish Clerk of Court   C-2024-4723
> Filed Dec 18, 2024 10:04 AM       H
> **Sidney Broussard**
> **Deputy Clerk of Court**

Re:  *Libbie E. Williams vs. Louisiana Community
     and Technical College System*
     14th JDC Docket No; 2024-4723; Calcasieu Parish

Dear Mr. Jones:

Enclosed please find an original and one (1) copy of *Notice of Removal* to be filed on behalf of the Louisiana Community and Technical College System. Please file the same into the records of your office and return a certified copy of same to undersigned counsel for completion of my file.

Please note that R.S. 13:4521 exempts the Attorney General's office and the State, as state agencies, from payment of fees and court costs in advance or as they accrue.

With kindest regards, I am

Sincerely,

**LIZ MURRILL
ATTORNEY GENERAL**

BY: _____
MAYLAN M. CRUICKSHANK
Assistant Attorney General

MMC/ald
Enclosures
cc:   Somer G. Brown (via email)

Calcasieu Parish Clerk of Court   C-2024-4723
Filed Dec 18, 2024 10:04 AM        H
Sidney Broussard
Deputy Clerk of Court

| | | |
|---|---|---|
| **LIBBIE E. WILLIAMS** | * | **14TH JUDICIAL DISTRICT COURT** |
| | * | |
| **VERSUS** | * | **DOCKET NO.: C-2024-4723 "H"** |
| | * | |
| **LOUISIANA COMMUNITY AND** | * | **PARISH OF CALCASIEU** |
| **TECHNICAL COLLEGE SYSTEM** | * | |
| | * | **STATE OF LOUISIANA** |

**************************************************************************

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that there is attached *in globo* hereto as Exhibit "1" a copy of the Notice of Removal which has been filed by the Defendant, **THE LOUISIANA COMMUNITY AND TECHNICAL COLLEGE SYSTEM ("LCTCS")**, with the Clerk of the United States District Court for the Western District of Louisiana on the 12th day of December, 2024.

*Please take further notice* that, pursuant to 28 U.S.C. § 1446(d), this Honorable Court "shall proceed no further unless and until the case is remanded."

Respectfully Submitted,

LIZ MURRILL
ATTORNEY GENERAL

BY: _____

MAYLAN M. CRUICKSHANK
ASSISTANT ATTORNEY GENERAL
Bar Roll No. 41058

**LOUISIANA DEPARTMENT OF JUSTICE**
**LITIGATION DIVISION**
556 Jefferson St., 4th Floor
Lafayette, Louisiana 70501
Telephone:   337-262-1700
Facsimile:    337-262-1707
E-mail:       CruickshankM@ag.louisiana.gov
*Counsel for the Louisiana Community and*
*Technical College System*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served on all counsel of record in a manner authorized by law on this 12th day of December, 2024.

_____
MAYLAN M. CRUICKSHANK

Page 1 of 1

Calcasieu Parish Clerk of Court   C-2024-4723
Filed Dec 18, 2024 10:04 AM        H
Sidney Broussard
Deputy Clerk of Court

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LIBBIE E. WILLIAMS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER:** _____ |
| | * | |
| **LOUISIANA COMMUNITY AND** | * | |
| **TECHNICAL COLLEGE SYSTEM** | * | **DISTRICT JUDGE:** |
| | * | |
| | * | **MAGISTRATE JUDGE:** |

**************************************************************************************

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes the Defendant, **THE LOUISIANA COMMUNITY AND TECHNICAL COLLEGE SYSTEM ("LCTCS")**, who respectfully petition this Honorable Court for removal of this action pursuant to 28 U.S.C. §1331, §1343 and §1443 as follows:

1.

On November 8, 2024, Libbie E. Williams ("Plaintiff") filed her Petition for Damages in the 14th Judicial District Court, Parish of Calcasieu, entitled *Libbie E. Williams v. Louisiana Community and Technical College System*, Civil Action No. C-2024-4723, Division "H".

2.

The Defendant was served with citation of this suit on November 13, 2024. This Notice of Removal is timely under the provisions of 28 U.S.C. §1446(b), as it is filed within 30 days of the State's receipt of notice of the filing of Plaintiff's Petition for Damages.

3.

The Defendant is in the process of requesting a copy of all processes, pleadings, and orders served upon the Defendant in the state court action along with all documents filed in the state court

Page 1 of 4



action available. The Defendant will supplement this Notice of Removal, upon receipt of the state court's file.

4.

The Plaintiff alleges violations of federal law pursuant to racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Because she based her causes of action upon alleged violations of federal law, this Honorable Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§1331 and 1343. The Defendant respectfully requests removal of the Plaintiff's suit to this Honorable Court pursuant to 28 U.S.C. §1443.

5.

Pursuant to 28 U.S.C. §1446(d), the Defendant has contemporaneously to this filing, served written notice of this removal to all adverse parties. To the best of the Defendant's knowledge, information, and belief, no other defendants have been named and/or served with the Petition for Damages.

6.

A copy of this Notice of Removal was also contemporaneously filed with the Calcasieu Parish Clerk of Court, where this action was originally filed. Pursuant to 28 U.S.C. §1446(a), and Rule 11 of the Federal Rule Civil Procedure, undersigned counsel states and avers that this Notice of Removal is well grounded in fact, is warranted by existing law, and that the matter is within the jurisdiction of this Court because Plaintiff's state action is pending in Calcasieu Parish, which is in the Western District of Louisiana.

**WHEREFORE**, the Defendant, **THE LOUISIANA COMMUNITY AND TECHNICAL COLLEGE SYSTEM**, prays that the action, now pending in the 14th Judicial

Page 2 of 4

District Court, Parish of Calcasieu, State of Louisiana, Civil Action No. C-2024-4723 "H", be removed to the United States District Court for the Western District of Louisiana.

Respectfully Submitted,

LIZ MURRILL
ATTORNEY GENERAL

BY: _____

MAYLAN M. CRUICKSHANK
ASSISTANT ATTORNEY GENERAL
Bar Roll No. 41058

LOUISIANA DEPARTMENT OF JUSTICE
LITIGATION DIVISION
556 Jefferson St., 4th Floor
Lafayette, Louisiana 70501
Telephone:    337-262-1700
Facsimile:    337-262-1707
E-mail:    CruickshankM@ag.louisiana.gov
*Counsel for the Louisiana Community and
Technical College System*

Page 3 of 4

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LIBBIE E. WILLIAMS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER: _____ |
| | * | |
| LOUISIANA COMMUNITY AND | * | |
| TECHNICAL COLLEGE SYSTEM | * | DISTRICT JUDGE: |
| | * | |
| | * | MAGISTRATE JUDGE: |

**********************************************************************************

### CERTIFICATE OF SERVICE

I hereby certify that, on the 12th day of December 2024, the foregoing was electronically

filed using the Court's CM/ECF system and that a copy of the foregoing was served on **all counsel**

**of record** for the Plaintiff by email and U.S. Mail.

> **Libbie E. Williams**
> *Plaintiff, through her attorney of record*
> Somer G. Brown
> THE COX LAW FIRM
> 723 Broad Street
> Lake Charles, Louisiana 70601
> Telephone: (337) 436-6611
> Facsimile: (337) 436-9541
> Email: somer@coxatty.com

>      _/s/Maylan M. Cruickshank_
>      **MAYLAN M. CRUICKSHANK**

Page 4 of 4

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LIBBIE E. WILLIAMS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER:** _____ |
| | * | |
| **LOUISIANA COMMUNITY AND** | * | |
| **TECHNICAL COLLEGE SYSTEM** | * | **DISTRICT JUDGE:** |
| | * | |
| | * | **MAGISTRATE JUDGE:** |

**************************************************************************

## LIST OF ATTORNEYS

1. Somer G. Brown (La. Bar Roll No. 31462)
   THE COX LAW FIRM
   723 Broad Street
   Lake Charles, Louisiana 70601
   Phone: (337) 436-6611
   Facsimile: (337) 436-9541
   Email: somer@coxatty.com
   *Counsel for Plaintiff*

2. Maylan M. Cruickshank (La. Bar Roll No. 41058)
   Assistant Attorney General
   Louisiana Department of Justice
   Litigation Division
   556 Jefferson St., 4th Floor
   Lafayette, Louisiana 70501
   Telephone: (337) 262-1700
   Facsimile: (337) 262-1707
   Email: CruickshankM@ag.louisiana.gov
   *Counsel for Defendant*

Respectfully Submitted,

**LIZ MURRILL
ATTORNEY GENERAL**

BY:

**MAYLAN M. CRUICKSHANK
ASSISTANT ATTORNEY GENERAL**
Bar Roll No. 41058

**LOUISIANA DEPARTMENT OF JUSTICE
LITIGATION DIVISION**
556 Jefferson St., 4th Floor
Lafayette, Louisiana 70501
Telephone:     337-262-1700
Facsimile:     337-262-1707
E-mail:         CruickshankM@ag.louisiana.gov
*Counsel for the Louisiana Community and
Technical College System*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served on all

counsel of record in a manner authorized by law on this 12th day of December, 2024.

**MAYLAN M. CRUICKSHANK**

Page **2** of **2**

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Libbie E. Williams

**DEFENDANTS**

Louisiana Community and Technical College System

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   East Baton Rouge
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Somer G. Brown, 723 Broad Street, Lake Charles, LA
70601; 337-436-6611

Attorneys *(If Known)*

Maylan M. Cruickshank, LA Dept. of Justice, 556 Jefferson
Street, 4th Floor, Lafayette, LA 70501

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII U.S. Civil Rights Act of 1964

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
IF ANY       *(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
12 12 2024

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 03.24)    Case 2:24 cv 01727    Document 1 1    Filed 12/12/24    Page 2 of 2 PageID #: 6

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U S is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation  Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C Section 1407.
Multidistrict Litigation  Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.