UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LIBBIE E WILLIAMS** | **CASE NO.  2:24-CV-01727** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LOUISIANA COMMUNITY & TECHNICAL COLLEGE SYSTEM** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand.  (Rec. Doc. 9). Defendant opposed the Motion (Rec. Doc. 11), and Plaintiff replied. (Rec. Doc. 18).  The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's motion be GRANTED.

### Factual Background

On November 8, 2024, Plaintiff filed a Petition for Damages in the 14th Judicial District Court, Parish of Calcasieu, Louisiana, after resigning from her employment as an Enrollment Specialist at Louisiana Community and Technical College System ("LCTCS").  (Rec. Doc. 6-1).  According to Plaintiff, she is an African American female who first interviewed with LCTCS for the position of

Coordinator of Financial Aid in June of 2018, but the position was filled by a white female.  (*Id*. at ¶¶ 5 & 7).  Plaintiff was ultimately hired in August of 2018 as an Enrollment Specialist. (*Id*. at ¶ 6).  Plaintiff alleges that from 2018 to 2024, she never received a promotion despite consistently receiving positive evaluations from her supervisors.  (*Id*. at ¶ 8).  Plaintiff contends that the promotion positions she applied for were all filled by white males or females. (*Id*. at ¶¶ 9-12).  Per Plaintiff, she "requested a meeting with Human Resources to discuss what she perceived to be discriminatory hiring practices and hostile work environment.  During the meeting, Plaintiff expressed concern that no persons of color were being promoted. (*Id*. at ¶ 13).  Specifically, Plaintiff informed Human Resources that from 2018 to 2021, there were "13 new hires, only one of whom was black and who resigned."  (Rec. Doc. 6-1, ¶ 14).  Plaintiff also noted that of the 26 promotions within the organization during that same time period, none were received by African American employees.  (*Id*.).

Plaintiff asserts that following her meeting with Human Resources, she was "stripped of the privilege of attending off-campus recruiting events" and "removed from her position as Advisor to the Phi Beta Kappa Honor Society." (*Id*. at ¶ 15). Plaintiff further alleges that she was passed over for two more promotions which were given to white females despite receiving another positive performance evaluation.  (*Id*. at ¶ 16-18).  In September of 2022, Plaintiff received a written reprimand for the first time in four years "referencing behavior that purportedly

2

occurred as far back as August 2021 and spanning an alleged 7-complaints over a 13-month period (which included the time period where she received positive feedback and evaluation from her supervisor)." (*Id*. at ¶ 19). Plaintiff maintains she continued to perform her job duties at a high level and continued to receive positive evaluations from her supervisor "despite an increasingly hostile and oppressive work environment." (*Id*. at ¶ 20).

Per Plaintiff, she sought medical treatment and counseling as a result of the stress and hostility in the workplace, was recommended for time off from work, but LCTCS would not accept her counselor's off-work slip. (Rec. Doc. 6-1, ¶¶ 22-23). Plaintiff applied for a leave of absence under the Family Medical Leave Act ("FMLA") on January 24, 2024. (*Id*. at ¶ 24). The following day, Plaintiff was placed on administrative leave as discipline for reported poor customer service with a student. (*Id*. at ¶ 25). Plaintiff remained off work until January 31, 2024. (*Id*. at ¶ 26). In May of 2024, Plaintiff alleges she was again passed over for a promotion which was instead received by two white females. (*Id*. at ¶ 27). On September 6, 2024, "Plaintiff could no longer physically or mentally withstand the hostility and work environment, so she resigned as an act of constructive discharge."

On December 12, 2024, LCTCS filed a Notice of Removal wherein they maintain that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because "Plaintiff alleges violations of federal law pursuant to racial discrimination

3

and retaliation in violation of Title VII of the Civil Rights Act of 1965." (Rec. Doc. 1). Plaintiff filed the instant Motion to Remand asserting that she only raised state law claims. (Rec. Doc. 9). Plaintiff contends she only raised "claims under the Louisiana Employment Discrimination Law, La. R.S. 23:303, et seq., and the Louisiana Whistleblower Statute, La. R.S. 23:967." (Rec. Doc. 9-1, p. 2; *see also* Rec. Doc. 6-1). Plaintiff maintains that she did not "intend to pursue any claims under federal law" and that she "specifically cited only Louisiana statutes and did not include a prayer for any statutory or punitive relief that would otherwise be available to her under the federal employment statutes." (*Id*. at p. 3.).

LCTCS points to paragraphs 24, 25, and 44-46 of Plaintiff's Petition to support their contention that Plaintiff raised federal claims. (Rec. Doc. 11). At Count 4, Plaintiff alleges that LCTCS "retaliated against Plaintiff when she exercised her rights under the Family Medical Leave Act," "manufactured discipline against her and placed her on administrative leave," and "[LCTCS's] actions were discriminatory and retaliatory and in direct response to her request for medical leave." (Rec. Doc. 6-1, ¶¶ 44-46). Per LCTCS, "a determination of whether [LCTCS's] conduct resulted in a breach of the FMLA, a federal statute, requires this Honorable Court to exercise its federal jurisdiction over this suit." (Rec. Doc. 11, p. 11).

Despite this, LCTCS noted that if "Plaintiff stipulates that she will not pursue *any* federal cause of action or claim for relief under the FMLA [or] any other federal statute, and/or the U.S. Constitution, then it is agreeable to [LCTCS] that an Order be rendered by this Honorable Court to stipulate as such, and the suit be remanded to the state court." (*Id*. at p. 6). In response, Plaintiff included a Declaration with her reply memorandum wherein she declared under penalty of perjury that she renounces and waives any federal causes of action/claims she may have unintentionally raised and agrees to only pursue state law causes of actions and the remedies available thereunder. (Rec. Doc. 18-1).

## **Law and Analysis**

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims." *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994); *see also*, *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) and *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001). Federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. Courts may also exercise, or decline to exercise, supplemental jurisdiction over certain cases. 28 U.S.C. §1367; *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 810 (5th Cir. 2007).

A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916. Any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

Whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998). Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir.2002); *see also Saadat v. Landsafe Flood Determination, Inc.,* 253 Fed.Appx. 343, 344 (5th Cir.2007). As the Fifth Circuit reasoned:

> Plaintiff is generally considered the master of his complaint, and "whether a case arising ... under a law of the United States is removable

> or not ... is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." Of course, this does not mean that a plaintiff can avoid federal jurisdiction by simply "artfully pleading" a federal cause of action in state law terms. However, it is also plain that when both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction.

*Avitts v. Amoco Prod. Co*., 53 F.3d 690, 693 (5th Cir. 1995)(internal citations omitted).

Here, Plaintiff has repeatedly maintained her intention to pursue only state law claims and remedies. (Rec. Docs. 9, 18, & 18-1). LCTCS indicated that they would not oppose remand if Plaintiff stipulates that she will not pursue any federal causes of action or claims for relief. (Rec. Doc. 11). Plaintiff has done so. (Rec. Doc. 18-1). The Court does not exercise jurisdiction on the basis of whether the facts alleged *could* constitute a violation of a federal right not asserted or pursued. Accordingly, the Court finds that subject matter jurisdiction does not exist under 28 U.S.C. § 1331.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 9) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

7

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 30th day of January, 2025.

*[signature]*
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE